UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEANDRO ANTONIO SALAMANCA,

Petitioner,

v.

Case No. 2:26-cv-2782-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, *et al.*,

Respondents.

______________________________/

**ORDER**

Petitioner Leandro Antonio Salamanca is a citizen of Venezuela currently detained by U.S. Immigration and Customs Enforcement. He asks this Court to release him. (Doc. 1 at 6.)[1] The Government opposes the habeas petition. (Doc. 5.)

The pleadings frame the issue this way: "Petitioner does not challenge merely the duration of detention or seek a bond hearing. He challenges the statutory and constitutional legality of the arrest that initiated his custody and the legal basis for continued confinement." (Doc. 1 ¶ 42.) Neither basis warrants relief.

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

"[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Salamanca is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). And Salamanca has already received a bond hearing, which was denied. (*See* Doc. 5-1 at 4-5.) Salamanca raises no argument that the bond hearing was unconstitutional.

The Court does not otherwise have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). And Salamanca has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e).

Finally, the Court does not consider Salamanca's claim regarding his warrantless arrest. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr.*

*& Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016); *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026); *Zaga Tawil v. Cardinal*, No. 26-CV-22521, 2026 WL 2198539, at *9 (S.D. Fla. July 30, 2026).

Because Salamanca has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 5, 2026.

Kyle C. Dudek
United States District Judge